EDMOND DAVIS, plaintiff in error, *vs.* ROBERT MORGAN, defendant in error.

Where the only evidence of title in the claimant was a bond for titles from the defendant in *fi. fa.* to the claimant, and the proof was that no money was ever paid under said bond, and no prescriptive title had ripened in the claimant, and title was proved in the defendant in *fi. fa.* before he sold to the claimant, and the jury found for the claimant, the court below was right in granting a new trial, and this court will not interfere.

Title.    Claim.    New Trial.    Evidence.    Before Judge WRIGHT.    Mitchell Superior Court.    May Term, 1876.

Reported in the opinion.

W. C. McCALL, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

Morgan obtained a judgment in the superior court of Mitchell county, against Smith, on the first of July, 1873, and levied it upon a tract of land which was claimed by Davis. The jury found for the claimant, but the court granted a new trial, and claimant excepted to the judgment of the court granting the new trial.

The question is: Was the grant of the new trial right?

It seems from the evidence that the title to this land was in Henry Smith, the defendant in *fi. fa*, in 1872, and Smith sold it to Davis in 1873, making him a bond for titles, but no deed to the land. Davis never paid a dollar for it, and the question seems to be, did the bond for titles, without payment of any of the purchase money, pass the title out of defendant in *fi. fa.* and vest it in the claimant? The claimant went into possession, but held it but a year or so when it was levied upon. His bond for titles was older than the judgment, but it was no title, but only an agreement to make title on a condition never complied with, to-wit: the payment of the purchase money—not a dollar of which has been paid. The possession of the claimant never ripened into a title by prescription, and we cannot see what title he had to the land under the facts proved. Whether or not the parol evidence of defendant's title was properly admitted, the absent deed sufficiently accounted for, it is unnecessary to decide, inasmuch as, if the judge committed any error on that subject it will be corrected on the next trial, if the deed be not then on hand and produced in evidence, which will probably be the case. Indeed, it is doubtful whether the admissibility of evidence ought to be considered on the exception to the grant of a new trial. However that may be, this court is always reluctant to interfere with the discretion of the

presiding judge in granting a new trial when the verdict, in his judgment, is decidedly and strongly against the weight of the evidence.

Judgment affirmed.